# Exhibit A

Filing # 89975188 E-Filed 05/22/2019 04:06:59 PM

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR OKALOOSA COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

SUSAN ASHCOM,

    Plaintiff,                                         CASE NO.:   2019 CA 001883 F

v.

LOWE'S HOME CENTERS, LLC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SUSAN ASHCOM ("Plaintiff"), by and through her undersigned counsel files this Complaint against Defendant, LOWE'S HOME CENTERS, LLC ("Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of fifteen thousand dollars ($15,000.00) and the Court has jurisdiction pursuant to the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 ("ADEA").

2. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Okaloosa County, Florida.

### PARTIES

3. Plaintiff is a female over the age of forty (40) and at all times material hereto was a resident of the State of Florida.

4. Plaintiff was, and is, a protected "employee" under the FCRA, Title VII, and ADEA, during the times relevant to this Complaint.

Unique Code: CAA-BAA-BCAJB-GICAJGBI-CADCJ-A   Page 1 of 7

VISIT HTTPS://OKALOOSACLERK.COM/ TO VALIDATE THIS DOCUMENT  Digitally signed by The Honorable JD Peacock II
Date: 2019.05.29 14:08:42 -05:00
Reason: Electronically Certified Copy
Location: 101 E. James Lee Blvd, Crestview, FL 32536

5. Defendant is a business organization under the laws of Florida and registered and licensed to do business in the State of Florida. At all times material hereto, Defendant transacted business and performed services in this judicial circuit.

6. Defendant is an "employer" within the meaning of the FCRA, Title VII, and ADEA.

## CONDITIONS PRECEDENT

7. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. A Notice of Right to Sue was received by Plaintiff on February 24, 2019 and this action is timely brought thereafter.

## STATEMENT OF FACTS

8. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's state and federal protected rights.

9. Plaintiff worked for Defendant for approximately ten (10) years from May 16, 2007, until her constructive termination on March 10, 2017.

10. While employed with Defendants, Plaintiff satisfactorily performed the requirements of her position.

11. Plaintiff is a female who is over the age of forty.

12. The most recent position that Plaintiff worked in was that of Department Manager in Store No. 3166, a position which she held since 2012.

13. On numerous occassions, Plaintiff reported the inappropriate sexual harassment and discrimination of Morice Powell, a manager.

Unique Code: CAA-BAA-BCAJB-GICAJGBI-CADCJ-A   Page 3 of 7

14. In or around November 2016, Plaintiff again reported to Defendant that Morice Powell was sexually harassing female employees. Defendant had plaintiff complete a written statement which she submitted to human resources.

15. Defendant underwent a nationwide restructuring and in January 2017 eliminated all of its Department Manager positions, including Plaintiff's.

16. As part of the restructuring, Defendant created Support Manager and Service Manager positions. Seven former Department Managers at Store No. 3166 were selected for these positions, Plaintiff was not one of them. The positions went to either males or younger females.

17. Plaintiff was placed into a newly created position, Customer Service Associate, which would be eliminated as of January 2018.

18. Thereafter, on January 27, 2017, Plaintiff submitted an internal complaint about her non-selection and the continuing harassment by Morice Powell through the Lowe's Open Door line.

19. In response to her report, Defendant placed Plaintiff on administrative leave. Mr. Powell was not disciplined in any way. Plaintiff was left with no other choice but to resign from her employment.

20. This action was taken for discriminatory and retaliatory reasons.

21. Defendant's unlawful conduct has caused Plaintiff to suffer emotional distress, mental anguish, and financial damages.

22. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.

3

### COUNT I
### VIOLATION OF TITLE VII
### 42 U.S.C. §§ 2000e *et seq.*
### GENDER DISRIMINATION

23. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

24. The foregoing actions of Defendant constitute unlawful discrimination in violation of Title VII.

25. Similarly-situated male employees who held substantially similar positions as Plaintiff were not subjected to the same treatment.

26. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which she was unlawfully deprived.

### COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
### FLORIDA STATUTES § 760.10
### GENDER DISCRIMINATION

27. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

28. The foregoing actions of Defendant constitute unlawful discrimination in violation of the FCRA.

29. Similarly-situated male employees who held substantially similar positions as Plaintiff were not subjected to the same treatment.

30. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain and

4

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which she was unlawfully deprived.

## COUNT III
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## FLORIDA STATUTES § 760.10
## AGE DISCRIMINATION

31. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

32. The foregoing actions of Defendant constitute unlawful discrimination in violation of the FCRA.

33. Similarly-situated younger employees who held substantially similar positions as Plaintiff were not subjected to the same treatment.

34. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which she was unlawfully deprived.

## COUNT IV- VIOLATION OF THE ADEA
## 29 U.S.C § 621
## AGE DISCRIMINATION

35. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

36. The foregoing actions of Defendant constitute unlawful discrimination in violation of the ADEA.

37. Similarly-situated younger employees who held substantially similar positions as Plaintiff were not subjected to the same treatment.

38. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination against her, Plaintiff has suffered and will continue to experience pain and

5

Unique Code: CAA-BAA-BCAJB-GICAJGBI-CADCJ-A   Page 5 of 7

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which she was unlawfully deprived.

## COUNT V
## RETALIATION

39. Paragraphs 1-22 are re-alleged and incorporated herein by reference.

40. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes ("FCRA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

41. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

42. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

43. As a direct and proximate result of Defendant's willful, knowing, and intentional retaliation against her, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits of which she was unlawfully deprived.

WHEREFORE, Plaintiff demands:

(a) An award of compensatory damages, including emotional distress damages;

(b) An award of back pay and front pay to Plaintiff, plus interest;

(c) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(d) An award of punitive damages to Plaintiff;

(e) Prejudgment interest on all monetary recovery obtained;

(f) All costs and attorney's fees incurred in prosecuting these claims;

(g) For such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 22nd day of May, 2019.

/s/ Tiffany R. Cruz
Tiffany R. Cruz, FBN 90986
FRIEDMAN, ABRAHAMSEN & CRUZ
403 E. Park Avenue
Tallahassee, FL 32301
Telephone: (850) 681-3540
Tiffany@fa-lawyers.com
Paralegal@fa-lawyers.com

ATTORNEY FOR PLAINTIFF

Unique Code: CAA-BAA-BCAJB-GICAJGBI-CADCJ-A   Page 7 of 7